IN RE HEERY.

(No. V87-61350 — Decided November 15, 1988.)

Court of Claims, Victims of Crime Division.

*Bret A. Adams* and *R. Chris Harbold,* for applicant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Mark J. Zemba,* for the state.

RUSSELL LEACH, J.  On October 16, 1987, the single commissioner issued an opinion and order which granted the applicant, Vicki L. Bosscawen, an award of reparations in the amount of $10,276. This total amount represented $1,838 for expenses incurred due to counseling services for the victim and $8,438 for legal fees incurred to suspend or modify the offender's visitation rights to the victim. The Attorney General subsequently filed an objection to said award pertaining to the legal fees incurred by the applicant.

A panel of commissioners considered the issue at a hearing on March 23, 1988, where the applicant's counsel and the Attorney General presented oral argument. On June 30, 1988, the panel of commissioners issued an opinion and order wherein they indicated that they were bound by the decision in *In re Stewart* (Mar. 11, 1988), Court of Claims No. V86-33794jud, unreported. The court in *Stewart* stated that "legal fees, incurred for representation in a county domestic relations court [do

not] constitute a compensable allowable expense. R.C. 2743.65(A) and 2743.51(F) do not include a provision for payment of attorney fees in the situation at bar. * * *'' *Id.* at 3. Consequently, the panel awarded the $1,838 for the counseling services, but denied an award for the legal fees.

On July 25, 1988, the applicant filed a notice of appeal from the panel's determination. The applicant contends that the single commissioner's decision was correct in that the legal services rendered constituted a valid "allowable expense," as defined in R.C. 2743.51(F), due to the nature of the medical (psychological) benefit derived by the victim. The applicant's attorney argues that the cases of *In re Ohlemacher* (Mar. 13, 1987), Court of Claims No. V85-57291sc, unreported, and *In re Erb* (Apr. 15, 1987), Court of Claims No. V84-42516sc, unreported, support the applicant's legal analysis and, thus, a reexamination of this issue is required.

This cause came on to be heard by this court on October 27, 1988, and the court has considered the contentions of the respective parties. Upon review of the claim file, the court renders the following decision.

The victim, a three-year-old female child at the time of the incidents which form the basis of this claim, was sexually abused by her father. As a result thereof, the applicant, the child's mother, obtained legal counsel to assist her in an effort to modify or suspend the father's visitation rights and thus incurred legal fees. It appears to be undisputed that the legal fees were reasonable, necessary and directly the result of the aforesaid criminally injurious conduct.

In order to understand the problem presented in this claim, the court finds it necessary to review the history of this issue.

On March 13, 1987, the single commissioner issued an opinion and order in *In re Ohlemacher, supra,* wherein he considered the same issue presently before the court. The single commissioner examined the evidence and found that the "[e]vidence in the case file shows the victim was fearful of the offender and exhibited negative feelings toward him. For the victim's full emotion[al] recovery and [the] prevention of [the] potenti[al] [for] more sexual abuse, it was medically necessary to alter the offender's custody and visitation arrangements by legal action." *Id.* at 4. Thus, the single commissioner granted the applicant an award. The Attorney General did not file an objection to said decision.

On April 15, 1987, the single commissioner issued a decision in *In re Erb, supra,* wherein he again found that the applicant incurred legal fees for services to modify the offender's visitation rights and that such fees constituted an allowable expense. The single commissioner indicated the "evidence reflects [that the legal] * * * services related to the criminally injurious conduct and the prevention of further abuse." *Id.* at 2. Therefore, the applicant was granted an award; again the Attorney General decided not to raise an objection.

The confusion pertinent to this issue arose during the court's consideration of the claim in *In re Stewart, supra.* On February 10, 1987, prior to the decisions rendered in the two aforementioned claims, the single commissioner did not review this issue as meritorious. The single commissioner considered the legal fees, at that time, to be unreimbursable. The applicant filed an objection to the single commissioner's decision. A panel of commissioners considered the arguments of the parties and on August 14, 1987 issued an opinion and order wherein it adopted the rationale as set forth in *In re Ohlemacher, supra,* supporting

34

its notion that the separation of parent (offender) and child was a "medical necessity." The panel found that the expenses incurred for such legal services were reimbursable as an "allowable expense," as defined in R.C. 2743.51(F). The Attorney General subsequently filed a notice of appeal in *Stewart*. The parties filed briefs and the court considered the record. The court rendered a determination on March 11, 1988, which reversed the panel's decision, finding that the panel's rationale was unreasonable and unlawful pursuant to R.C. 2743.61.

As aforementioned, the panel, in deciding the instant claim, was compelled to follow the court's decision in *Stewart*. Although the court previously dealt with the applicable issue (in *Stewart*), the applicant's attorney, much to his credit, believed the court should reconsider the issue. Upon review of this matter, the court welcomes the opportunity to reverse its direction and travel a different road of thought.

This court has considered the record, arguments and the pertinent law in this claim and is of the opinion that the single commissioner was correct in granting the applicant an award for attorney fees incurred. The court finds that such an expense is an "allowable expense." R.C. 2743.51(F) states, in pertinent part, that an " '[a]llowable expense' means reasonable charges incurred for reasonably needed products, services, and accommodations, including those for medical care, *rehabilitation*, rehabilitative occupational training, *and other remedial treatment and care.* * * *" (Emphasis added.) The separation of parent (offender) and child was required under the circumstances, in the instant claim, to afford the child time, without additional emotional trauma, to recover from the criminally injurious conduct. Thus, the ramifica-

tions of said legal services enhanced the child's rehabilitation and the court finds that the services are intertwined with the child's medical treatment.

Thus, the court finds entirely reasonable and lawful the panel's rationale in *In re Stewart* (Aug. 14, 1987), Court of Claims No. V86-33794tc, unreported. The panel stated that:

"Upon review of the record, it is the opinion of this panel that the separation of parent and child in this circumstance was a medical necessity. The intervention of legal counsel, terminating the offender's visitation rights, was a *direct result* of the criminally injurious conduct and necessary to avoid further abuse. We must agree with the applicant's attorney that the legal and medical services rendered in this tragic circumstance are *interrelated and essential to the child's health.* In viewing the psychological benefits of severing the offender's visitation rights, the legal services rendered must be seen as a ramification of the minor's medical treatment." (Emphasis added.) *Id.* at 3-4.

It is difficult to imagine that the potential for psychological growth of the victim herein would not have been hampered by the offender's continued involvement with her. The separation of parent and child in this situation was necessary to avoid the possibility of future physical and psychological harm to the child. The separation is not a cure of the child's problems, but most definitely advances her medical treatment.

In view of the above, the court's prior position, as enunciated in *In re Stewart* (Mar. 11, 1988), Court of Claims No. V86-33794jud, unreported, is hereby overruled. Therefore, the panel's June 30, 1988 decision in this matter is hereby reversed as to the issue of attorney fees. The record in this claim indicates that the applicant

incurred $8,438 in legal fees for the services rendered related to the offender's right to visitation with the victim. Accordingly, the court finds that the applicant is entitled to an award of reparations in such an amount. It should be noted that the court issued an order on October 6, 1988, which granted the applicant's motion for a tentative award of $1,838, which represented allowable medical expenses; said expenses were not an issue of the appeal and thus the October 6, 1988 order remains in effect.

*Judgment accordingly.*