**In re BUNN.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V91–26733.

Decided Nov. 10, 1993.

Jeffry Gerber, for the applicant.

Lee Fisher, Attorney General, for the state.

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This cause came to be heard before this panel of three commissioners on May 6, 1993 upon applicant Mary Bunn's November 6, 1992 objection and notice of appeal to the October 29, 1992 decision of the single commissioner.

The Attorney General and counsel for the applicant attended the hearing and presented oral argument for the panel's consideration.

The single commissioner had granted the applicant an award of reparations in the amount of $298.62 representing unreimbursed allowable expense and work loss. However, the single commissioner did not grant an award for attorney fees that the applicant incurred in obtaining a restraining order against the offender or additional allowable expenses for counseling. Applicant filed an objection and notice of appeal, contending that attorney fees are compensable as allowable expense and also claiming additional allowable expense.

Applicant lived with the offender at her parent's home from July to November 1991, at which time she terminated the relationship. The offender, Bruce Riley, thereafter began to harass applicant. Riley telephoned applicant repeatedly at home and at her job, threatened to physically harm her, vandalized her car and flattened a tire, attempted to run her car off the road, threw a rock through her baby's bedroom window, left her various threatening notes, and physically assaulted her. Applicant filed police reports on most of these incidents, but the Brook Park police were unable to stop the harassment.

On January 3, 1992, as the harassment continued and intensified, applicant sought a restraining order against Riley upon the advice of the police and a psychologist she was seeing in a attempt to deal with the constant harassment and fear. The Domestic Relations Division of the Cuyahoga County Court of Common Pleas issued a restraining order that prohibited Riley from abusing, annoying, menacing, threatening, assaulting, or "contacting" applicant. Specifically, Riley was ordered not to enter upon applicant's home or work premises, cause damage to her or her family's personal property, and cause or attempt to cause physical harm to applicant. The order stated that all law enforcement agencies shall enforce the order.

Applicant had employed attorney Robert C. Wentz to represent her in the action to obtain the restraining order. She claims attorney fees and court costs incurred in obtaining the restraining order in the amount of $2,185.92. The applicant stated that this expense is compensable as allowable expense under R.C. 2743.51(F) because the attorney fees were incurred in obtaining a restraining order that was "medically necessary" to protect her from the offender's continued menacing.

R.C. 2743.51(F) states in pertinent part:

" 'Allowable expense' means reasonable charges incurred for reasonably needed products, services, and accommodations, including those for medical care, rehabilitation, rehabilitative occupational training, and other remedial treatment and care."

Applicant's counselor, Allen N. Shubert, LISW, BCD, stated on January 29, 1993, that he has been counseling applicant since October 1991. Shubert, in reference to the restraining order, states, "[I]t is my clinical opinion that Mr. Riley's alleged harassment of and threats against Ms. Bunn, after he left her home, were emotionally damaging to her, and that such restraint was medically indicated for her treatment."

This court in *In re Heery* (1988), 44 Ohio Misc.2d 32, 541 N.E.2d 1097, held that attorney fees incurred in separating a child and a sexually abusive parent constitute allowable expense under R.C. 2743.51(F), as separation is necessary for the child's psychological health. The court held that it was medically necessary to alter the offender's custody and visitation arrangements by legal action in order to ensure the victim's full emotional recovery and prevent future abuse.

The applicant in the present case did not incur attorney fees while attempting to separate a child from a sexually abusive parent, but the rationale of *In re Heery* is applicable to the present case. Applicant was being harassed by Riley and had begun counseling with Shubert, who diagnosed her as suffering from post-traumatic stress disorder. As long as Riley continued to harass her, applicant would not feel safe and would continue to need counseling to deal with the psychological damage the harassment caused her. Applicant sought the restraining order to prevent Riley from harassing her any further. Applicant could proceed with her life and emotionally recover if the harassment would cease. Shubert stated that the "restraint was medically indicated for her treatment," therefore, the attorney fees incurred in obtaining the restraining order were a ramification of the medical treatment and, thus, an allowable expense pursuant to R.C. 2743.51(F).

Applicant also claims additional allowable expense for the counseling she underwent at Rainbeau Counseling and Research Centers. The single commissioner denied an award for this allowable expense, finding all expense incurred had been or may be reimbursed by a collateral source. Applicant contends that there is a balance due of $2,280 after payment by the collateral source.

From review of the file and with full consideration given to the oral argument presented at the hearing, this panel finds that the single commissioner's October 29, 1992 order erred in denying applicant an award of reparations for allowable expense in the form of attorney fees incurred in obtaining the restraining order against the offender. Therefore, the single commissioner's order shall be re-

versed as to the denial of an award for attorney fees, and the claim is remanded to the single commissioner for determination of the compensable attorney fees. Further, the claim is remanded to the single commissioner for determination of the additional allowable expense claimed by applicant for counseling.

IT IS THEREFORE ORDERED THAT:

1. The single commissioner's October 29, 1992 order is REVERSED as to the denial of allowable expense for attorney fees and counseling expenses and AFFIRMED as to the award for work loss and mileage expenses;

2. This claim is referred to the Attorney General for further investigation and a new finding of fact and recommendation and remanded to the single commissioner for further determination concerning the aforementioned attorney fees and counseling expenses;

3. The Attorney General shall file the amended finding of fact and recommendation on or before December 27, 1993;

4. The applicant may respond to the new finding of fact and recommendation within twenty-one days after it is filed by the Attorney General;

5. The December 15, 1992 order of a three-commissioner panel granting the applicant's motion to pay the undisputed award in the amount of $298.62 (Warrant No. 4586136) is hereby RATIFIED;

6. Costs assumed by the reparations fund.

*Judgment accordingly.*

STEVEN A. LARSON, DALE A. THOMPSON and WILLIAM A. CARROLL, Commissioners, concur.